# SUPREME COURT OF TEXAS.

## TYLER TERM, 1860.

---

### H. J. HARRIS AND OTHERS v. W. CRITTENDEN.

In a suit for money and to subject to the vendor's lien a tract of land for its payment, it is essential to prove, in order to establish such lien, that the land specified was the same for the purchase of which the obligation sued on was given. The general recital in the face of the note, which is the foundation of the action, that the consideration is " for land sold us," does not dispense with the necessity of identifying, by proof, the land sought to be rendered subject and connecting it with that referred to in the note,

APPEAL from Titus. Tried below before the Hon. William S. Todd.

Suit by appellee as assignee of a promissory note for the unpaid balance, executed by H. J. Harris, Y. L. McLemore, Abraham Low, and T. M. Harwell, payable to W. B. Stout. The petition in the usual form alleged the execution and delivery of the note, its assignment to the plaintiff; that the consideration for which it was given was a certain tract of land, describing the same by the field notes thereof, and prayed for judgment for the money and a decree subjecting the land to the vendor's lien to satisfy said judgment, and for an order of sale. The defendants answered by a general denial. The note sued on reads as follows :

" On or before the first day of January, eighteen hundred and fifty-nine, we, or either of us, promise to pay William B. Stout, or order, eighteen hundred and thirty-four dollars, for value re-

ceived of him, bearing ten per cent. interest from date, it being for land sold us this, the 8th day of September, 1857.

[Signed.]                        "H. J. HARRIS,
                                 "Y. L. McLEMORE,
                                 "ABRAHAM LOW,
                                 "T. M. HARWELL."

On the trial, the plaintiff read the note and introduced a witness who testified that "he had surveyed for Toliver Nevill six hundred and forty acres out of the Burnett survey, that described in the petition, and exhibited the field notes of the same; that the defendants had called on him to survey the balance of the Burnett survey. Defendants told him they had purchased the land from William B. Stout; that they were then and are still living on the land." The witness did not know that the note was given for the land described in the petition.

The plaintiff's attorney announced on the trial that there was in the possession of the defendants a title bond for the land, upon which the plaintiff was endeavoring to enforce the vendor's lien, and offered to prove by verbal testimony the sale of the land to the defendants; to which the defendants objected upon the ground that the sale was evidenced by writing. The objection was overruled, and bill of exceptions taken by the defendants.

Verdict in favor of the plaintiff for the amount due upon the note, ($1526 82,) and subjecting the land to the vendor's lien, according to the prayer of the petition; decree rendered accordingly.

Defendants filed a motion for a new trial, upon the ground that the verdict was contrary to the evidence, which was overruled.

The appellants assigned as error the allowance of verbal testimony offered by the plaintiff to prove the sale of the land, notwithstanding the announcement of the appellees' attorney "that there was a contract for the sale of the land, as per bill of exceptions." Also, that the jury found without and contrary to the evidence,

McFall v. Walker.

*B. W. Gray*, for the appellants.

ROBERTS, J.—A material fact to establish the vendor's lien was not proved in this case. The evidence does not show that the note sued on was given in consideration of the land described in the plaintiff's petition. The note upon its face shows that it was given for land, but no particular tract of land is identified. No bond or deed was exhibited in evidence. Had this been done, the corresponding dates, or the recitals contained in the bond or deed, might have furnished evidence sufficient to connect the note with the purchase of the particular land described in the petition. Upon this point the verdict lacks evidence to sustain it, and therefore the motion for a new trial should have been sustained.

The view taken of this point renders it unnecessary to consider the other assignment of error in relation to the admissibility of verbal testimony to establish a sale of land.

Judgment reversed and cause remanded.

Reversed and remanded.